## (April 16, 1981)

◼ In the Matter of FOREMOST INSURANCE COMPANY, GRAND RAPIDS, Appellant, v ALBERT B. LEWIS, as Superintendent of Insurance of the State of New York, et al., Respondents. — Determination of the Superintendent of Insurance, dated July 7, 1980, which totally denied the relief requested by Foremost without prejudice to its right to seek amendments to the Plan, unanimously

modified, on the law, by directing that premium for mobile homes and snowmobiles be excluded from the annual statement covering the annual period ending December 31, 1979, and by remanding this matter for further proceedings consistent herewith, and, as modified, confirmed, without costs. The Superintendent of Insurance found that the New York Automobile Insurance Plan (Plan) had improperly included the premiums on mobile homes and snowmobiles in calculating assignments to insurers, such as Foremost Insurance Company, Inc. The superintendent further found this practice to be inequitable under subdivision 1 of section 63 of the Insurance Law. Nonetheless, he did not direct that the rules of the Plan be amended to correct this inequity. In the course of his determination, he noted that he had been "informed" by the Plan and his audit department that satisfactory changes would be made so that insurers would not be required to report those excludable items in their annual statement for the period ending December 31, 1980. In denying Foremost's appeal, the superintendent, in fact, acquiesced in those changes. As the superintendent observed, present assignments are made upon the annual statements filed two years previously. Hence, under the superintendent's determination, adjustments in assignments will not take place until 1982. Foremost contends that the superintendent should have directed that it receive appropriate credits for all assignments made to it after January 1, 1979. There is no dispute that Foremost informally protested the inclusion of the subject premiums in mid-1978. However, under section 19 of the rules, Foremost should have formally grieved if it was dissatisfied with this practice. In the absence of any formal protest, the superintendent properly denied Foremost's protest with regard to the annual statements covering 1978 and the years prior thereto. Foremost did file a petition with the Plan in April of 1979 to challenge this practice. This petition constituted a timely and effective grievance against the continuation of the practice during 1979. Consequently, upon the appeal from the denial of the application by the governing committee, the superintendent should have directed that the rules of the Plan be amended so that premiums for mobile homes and snowmobiles be excluded from the annual statement covering the period ending December 31, 1979. Had such a direction been made, assignments to Foremost would have been adjusted as of 1981 rather than 1982. Since adjustments are regularly made on a yearly basis under the Plan, no valid reason has been advanced why the annual statement for 1979 may not be modified at this time and adjustments in assignments for 1981 be made accordingly. Concur — Murphy, P. J., Birns, Ross, Markewich and Lynch, JJ.